## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ANGELA S. LECUYER,**

        **Plaintiff,**

**v.**                                                  **Case No: 6:22-cv-186-EJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

### ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging July 17, 2018, as the disability onset date. (Doc. 18 at 1.) In a decision dated September 14, 2021, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 12.) Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the parties' memorandum (Docs. 18, 20), and the applicable law. For the reasons stated herein, the Court affirms the Commissioner's decision.

---

[1] On April 4, 2022, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 14.) Accordingly, this case was referred to the undersigned by an Order of Reference on April 5, 2022. (Doc. 17.)

## I.   ISSUES ON APPEAL

Plaintiff makes the following arguments on appeal:

1. The ALJ failed to apply the correct legal standards to Plaintiff's need for a cane.

2. The ALJ failed to apply the correct legal standards to ARNP Joyner's opinion.

3. The ALJ failed to apply the correct legal standard to Plaintiff's testimony regarding her pain and limitations.

4. The ALJ failed to fully and fairly develop the record when she failed to admit all of Plaintiff's medical records into evidence.

(*See* Doc. 18.)

## I.   STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## II.  ANALYSIS

### A. Whether the ALJ erred in applying the correct legal standards to Plaintiff's need for a cane.

Plaintiff argues the ALJ erred in failing to properly consider the correct legal standard in assessing Plaintiff's use of a cane for walking. (Doc. 18 at 4.) Plaintiff states that evidence in the record established Plaintiff's use of a cane. (*Id.* (*citing* Tr. 391, 925, 931, 934, 1191, 1198, 1210–11, 1136–37, 1341).) Plaintiff asserts that these limitations were not adequately accounted for in the RFC finding. (Doc. 18 at 7.)

The ALJ is tasked with assessing a claimant's RFC. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

Here, the ALJ made the following RFC determinations:

> After careful consideration of the entire record, the undersigned finds the claimant has the residual function capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with the following limitations: The claimant can stand and/or walk two hours out of an eight-hour workday, sit for six hours of an eight-hour workday, and can occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds. She can occasionally balance on rough terrain and moving surfaces. She can occasionally stoop, kneel, crouch, and crawl. The claimant can have occasional exposure to extreme cold and no exposure to hazards. She needs to elevate her legs and change positions but can do so during regular breaks.

(Tr. 21.)

The Commissioner acknowledges that the ALJ did not include an RFC finding regarding any need for a cane but asserts that Plaintiff failed to meet her burden of establishing the need for such a device. (Doc. 20 at 12–13.) "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed . . . ." SSR 96-9p, 1996 WL 374185, at *7. Here, the records cited by Plaintiff do not meet this burden.

Plaintiff's alleged necessity for a cane appears to be based on her own judgment. In the record below, the ALJ considered Plaintiff's stated need for a cane. (Tr. 25.) While Plaintiff appeared at some medical examinations using a cane, the ALJ noted that this evidence is not persuasive because "[i]t is not consistent with the evidence in the record that shows the [Plaintiff] walks with a normal gait." (*Id.*) Plaintiff has failed to point the Court to a portion of the record that demonstrates Plaintiff required a cane as directed by SSR 96-9p, and thus, her argument fails.

Because the ALJ's RFC determination is supported by substantial evidence and the RFC was incorporated into the hypothetical question posed to the VE, the ALJ did not err in relying on the VE's opinions. *See Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) ("The ALJ is not required to include findings in a hypothetical to a vocational expert that the ALJ has found to be unsupported."); *Hatton v. Comm'r of Soc. Sec. Admin.*, 131 F. App'x 877, 880 (3d Cir. 2005) (finding the

ALJ was not required to incorporate limitations in her hypothetical to the vocational expert where the limitations "were not medical opinions"). Accordingly, the Court finds the ALJ's reliance on the VE's testimony was proper.

### B. Whether the ALJ erred in applying the legal standards to ARNP Joyner's opinion.

Advanced Practice Nurse ("ARNP") Joyner opined that due to Plaintiff's venous insufficiency, Plaintiff will need "to elevate [her] legs off an on throughout [the] day" and night, should avoid prolonged sitting and standing, and will likely miss approximately two days of work per month due to severe leg pain and swelling. (Tr. 1327–28.) The ALJ determined that this opinion was only "partially persuasive." (Tr. 25.) Plaintiff contends that the ALJ erred in making this determination and that the ALJ ultimately failed to apply the correct legal standards to ARNP Joyner's opinion. (Doc. 18 at 9–13.) The Commissioner, by contrast, asserts that "the ALJ properly applied the Commissioner's regulations to determine ARNP Joyner's opinion was partially persuasive." (Doc. 20 at 13.) The Commissioner argues that ARNP Joyner's opinions were not fully persuasive because they were inconsistent with her own treatment notes and the other opinions of record. (*Id.* 16–18.)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative

medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant; 4) specialization and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record. *See* §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

Plaintiff asserts that the ALJ did not adequately analyze ARNP Joyner's opinion; however, the undersigned finds that the ALJ sufficiently articulated her assessment of the supportability and consistency factors to determine that the opinions were not fully persuasive. With respect to supportability, the ALJ explained that ARNP Joyner did not provide a sufficient narrative discussion in support of her opinion, which consisted of answers to a questionnaire. (Tr. 25.) *See Sandpedro v.*

*Comm'r of Soc. Sec.*, No. 2:20-cv-968-MAP, 2022 WL 1284500, at 6–7 (M.D. Fla. 2022) (affirming ALJ's finding that medical onions were unpersuasive when the ALJ explained that "Dr. Carbone cited no evidence in support of his opinion").

As to the consistency factor, the ALJ determined that ARNP Joyner's opinions *were* generally consistent with the record regarding Plaintiff's need to elevate her legs and change positions during regular breaks. (Tr. 25.) Such limitations were reflected in the ALJ's RFC, limiting Plaintiff to sitting and standing two hours in an eight-hour workday. (*Id.*) Further, Plaintiff's physician, Dr. Imami opined that Plaintiff should "keep [her] legs elevated as best possible." (Tr. 1195.) Thus, it appears that ARNP Joyner's opinion is consistent with Plaintiff's medical records as to this issue, and the ALJ properly applied the consistency factor. 20 C.F.R. §§ 407.1520c(c)(2), 416.920c(c)(2) (medical opinions are more persuasive the more consistent it is with evidence from other medical and nonmedical sources in the claim)

Ultimately, the ALJ properly evaluated the medical opinion evidence, determined that ARNP Joyner's opinions were only partially persuasive based on the absence of a sufficient narrative and inconsistency regarding expected absenteeism not challenged here, and supported her decision with substantial evidence. Thus, the Court declines to disturb her decision on review.

### C. Whether the ALJ's consideration of Plaintiff's subjective complaints was sufficient.

Plaintiff argues the ALJ "failed to apply the correct legal standards to [her own] testimony regarding her pain and limitations. (Doc. 18 at 16.) The Commissioner responds that the ALJ "properly assessed the intensity and persistence of Plaintiff's symptoms to determine Plaintiff's remaining subjective allegations . . . ." (Doc. 20 at 6.)

SSR 16-3p and 20 C.F.R. §§ 416.1529(c) and 416.929(c) provide guidance as to how an ALJ is to evaluate the subjective complaints of a claimant. SSR 16-3p provides that the "subjective symptom evaluation is not an examination of an individual's character," but instead a two-step evaluation of the evidence at hand. SSR 16-3p, 2017 WL 5180304, at *2–3 (Oct. 25, 2017). First, the ALJ "determine[s] whether the individual has a medically determinable impairment . . . that could reasonably be expected to produce the individual's alleged symptoms." *Id.* at *3. Then, the ALJ "evaluate[s] the intensity and persistence of an individual's symptoms . . . and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *4.

Section 416.929(c) provides that an ALJ is to "consider all of the available evidence from [the claimant's] medical sources and nonmedical sources about how [the] symptoms affect [the claimant]." 20 C.F.R. § 416.929(c)(1). It also provides that medical opinions can be relied upon when evaluating a Plaintiff's subjective complaints. (*Id.*) Subsections (c)(2) and (c)(3) further specify how the ALJ is to

evaluate the subjective complaints.

The ALJ may not reject a claimant's subjective complaints solely because the objective medical evidence does not substantiate the complaints. 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your . . . symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). This regulation instructs administrative law judges to "carefully consider any other information [a claimant] may submit about [his] symptoms." *Id.* § 404.1529(c)(3). It also provides the following six non-exhaustive factors the ALJ should consider when evaluating the subjective complaints: a claimant's daily activities; "the location, duration, frequency, and intensity" of other symptoms; "precipitating and aggravating factors"; "the type, dosage, effectiveness, and side effects" of a claimant's medication taken to alleviate his symptoms; any other treatment for alleviating symptoms; and measures a claimant used to alleviate the symptoms, such as lying down. *Id.* The ALJ may reject testimony about subjective complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

Here, the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and the evidence in the record for the reasons explained in this decision." (Tr. 22.) On review of the ALJ's decision,

the Court finds the ALJ properly considered Plaintiff's subjective complaints and articulated specific reasons for discounting Plaintiff's testimony.

The ALJ noted that Plaintiff "has been functioning very well and much better since she was started on Hydrochloroquine. She was reported to have minimal discomfort in her joints, no swelling, and no prolonged morning stiffness." (Tr. 23.) Plaintiff spent her day "watching her children . . . and painting." (*Id.*) While Plaintiff reported to "have been diagnosed with lymphedema, she displayed no such symptoms, and she was not treating the impairment. . . ." (*Id.*) The ALJ found that despite reports of pain, medical records indicated Plaintiff "was in no acute distress and had a normal gait." (*Id.*) The ALJ further considered records noting Plaintiff "was going to be the maid of honor at her sister's upcoming wedding." (*Id.*)

The above indicates the ALJ considered Plaintiff's subjective complaints, the objective medical evidence, the intensity of symptoms, Plaintiff's treatment history, and the daily activities in which Plaintiff was able to participate. Accordingly, the Court finds the ALJ articulated adequate reasons for discounting Plaintiff's subjective complaints. *See, e.g.*, *Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 766–67 (11th Cir. 2014) (finding the ALJ's discussion of objective medical evidence of record provided "adequate reasons" for the decision to partially discredit the claimant's subjective complaints of pain); *Foellmi v. Comm'r of Soc. Sec.*, No. 5:18-cv-299-Oc-PRL, 2019 WL 13062733, at *5 (M.D. Fla. July 26, 2019) (affirming the ALJ's decision where the ALJ considered the "objective findings on the record along with Plaintiff's consultative exam, her conservative treatment, the two medical source statements, and

Plaintiff's activities of daily living."); *Cooley v. Comm'r of Soc. Sec.*, No. 6:18-cv-475-Orl-TBS, 2019 WL 211437, at *4 (M.D. Fla. Jan. 16, 2019) (finding the ALJ did not discount Plaintiff's alleged symptoms solely on objective findings where the ALJ considered activities of daily living, medical source statements, and Plaintiff's treatments).

### D. Whether the ALJ developed a full and fair record

Plaintiff's final argument is that the ALJ failed to fully and fairly develop the record when she failed to admit and exhibit all of Ms. Lecuyer's medical records. (Doc. 18 at 16–17.) "It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912). "Nevertheless, the claimant bears the burden of proving that [she] is disabled, and consequently, [she] is responsible for producing evidence in support of [her] claim." *Id.* "In evaluating the necessity for a remand" to more fully develop the record, "we are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Jones v. Comm'r of Soc. Sec.*, 695 Fed. App'x. 495, 497 (11th Cir. 2017) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (quotation marks omitted)).

Plaintiff argues that she was prejudiced because the ALJ allegedly failed to include all exhibits in the administrative record. (Doc. 18 at 17.) Specifically, the ALJ stated she was "admit[ting] Exhibits 1A through 8A, 1B through 28B, 1D through 10D, 1E through 21E, and 1F through 37F." (Tr. 41–42.) However, upon review of the List of Exhibits attached to the record, there is no Exhibit 37F. (Doc. 15.) Plaintiff

asserts this Court cannot determine whether the ALJ's decision was based on the correct legal standard and supported by substantial evidence when the ALJ failed to admit into evidence all of Plaintiff's medical records. (Doc. 18 at 17.)

The undersigned notes that Plaintiff has alleged no facts showing either that there were gaps in the evidentiary record or that she suffered clear prejudice by the absence of Exhibit 37F, and Plaintiff has not alleged that the records that were not admitted into evidence were necessary for the ALJ to make an informed decision. In fact, the ALJ developed a record that contained a multitude of medical documents, as well as testimony from experts. There was sufficient medical evidence in the existing record for the ALJ to make an informed decision. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (finding that plaintiff's failure to demonstrate gaps in the record that resulted in prejudice justified a remand to the Secretary). Accordingly, even if the ALJ neglected her duty to develop the record, such error was harmless. *See Tillman v. Comm'r of Soc. Sec. Admin.*, 559 Fed.App'x. 975, 975 (11th Cir. 2014) ("when the ALJ's error did not affect its ultimate findings, the error is harmless, and the ALJ's decision will stand.").

After consideration of the issues presented, the Court finds that the Commissioner's decision is due to be affirmed.

III.   **CONCLUSION**

Upon consideration of the foregoing, it is **ORDERED** and **ADJUDGED** that:

1.   The Commissioner's final decision in this case is **AFFIRMED**; and

2.   The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant

and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE